UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WANDA BUTLER-FERGUSON,

     Plaintiff,

v.                                                  Case No.:  3:22-cv-1378-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____

## OPINION AND ORDER

     Plaintiff Wanda Butler-Ferguson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

On July 26, 2019, Plaintiff applied for a period of disability and disability insurance benefits alleging disability beginning on March 8, 2018, and for supplemental security income, alleging disability beginning on April 8, 2018. (Tr. 89, 90, 310-25). Plaintiff later amended her alleged onset date to July 2, 2018. (Tr. 15, 65, 37, 335). The applications were denied initially and on reconsideration. (Tr. 89, 90, 121, 122). Plaintiff requested a hearing, and on October 1, 2021 and February 9, 2022, hearings were held before Administrative Law Judge Guy Koster ("ALJ"). (Tr. 35-66). On March 14, 2022, the ALJ entered a decision finding Plaintiff not under a disability from July 2, 2018, through the date of the decision. (Tr. 15-27).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on October 24, 2022. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on December 15, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 14).

## D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 2, 2018, the amended alleged onset date. (Tr. 17). At step

two, the ALJ found that Plaintiff had the following severe impairments: "osteoarthritis of the lumbar spine; right shoulder rotator cuff tear status post repeat arthroscopy; degenerative joint disease/osteoarthritis of the left wrist; osteoarthritis of the right knee; chronic pain syndrome; Raynaud's syndrome; diabetes mellitus; and obesity." (Tr. 18). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b). The claimant is limited to frequent fingering and handling with the bilateral upper extremities and no more than occasional reaching in all directions with the right upper extremity (dominant arm). The claimant is limited to no more than occasional balancing, stooping, kneeling, crouching, crawling or climbing of ramps, stairs, ladders, ropes or scaffolds. The claimant must avoid concentrated exposure to extreme hot and cold temperatures, wetness, and hazards, such as unprotected heights or dangerous moving machinery.

(Tr. 18).

At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work as a nurse assistant/CNA. (Tr. 25). At step five, the ALJ found

that considering Plaintiff's age (50 years old on the amended alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25-26). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)  school bus monitor, DOT 372.667-042,[1] light, unskilled, SPV 2

(2)  toll collector, DOT 211.462-038, light, unskilled SPV 2

(3)  usher, DOT 344.677-014, light, unskilled, SPV 2

(Tr. 26). The ALJ concluded that Plaintiff had not been under a disability from July 2, 2018, through the date of the decision. (Tr. 27).

## II.   Analysis

On appeal, Plaintiff raises three issues:

(1)   Whether the Commissioner failed to analyze Plaintiff's fibromyalgia as required by applicable regulations and according to the requirements of SSR 12-2p.

(2)   Whether the Commissioner erred in relying on the opinion of state agency non-examining physician Dr. Junejo and in rejecting the opinions of Dr. Verma and Dr. Choisser.

(3)   Whether the Commissioner erred in finding Plaintiff not disabled because there existed a significant number of jobs in the national economy.

(Doc. 18, p. 1).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

### A.     Fibromyalgia

Plaintiff contends that the ALJ failed to analyze her fibromyalgia condition as required in Social Security Ruling 12-2p. (Doc. 18, p. 11). Plaintiff claims that the ALJ misapplied this ruling, by only considering one set of criteria and not considering a second set of criteria when determining whether fibromyalgia was a medically determinable impairment. (Doc. 18, p. 11). Plaintiff claims her condition meets the second criteria listed in SSR 12-2p. (Doc. 18, p. 11).

The Commissioner argues that Plaintiff failed to meet her burden of showing fibromyalgia was a medically determinable impairment. (Doc. 22, p. 7). The Commissioner explains that while the ALJ recognized that Plaintiff received a diagnosis of fibromyalgia, the ALJ found that no medical provider or rheumatologist documented a specific number of tender points. (Doc. 22, p. 7). The Commissioner further contends that in the remainder of the decision, the ALJ considered whether fibromyalgia was a medically determinable impairment under the second criteria. (Doc. 22, p. 8).

At step two, an ALJ considers the severity of a claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "Step two is a 'threshold inquiry' where only the most trivial impairments are to be rejected." *McCormick v. Soc. Sec. Admin., Comm'r*, 619 F. App'x 855, 857 (11th Cir. 2015). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal

effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). While Plaintiff has the burden at step two, the burden is mild. *McCormick*, 619 F. App'x at 857. This inquiry "acts as a filter in that the finding of any severe impairment . . . is enough to satisfy the requirement of step two and allow the ALJ to proceed to step three." *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (internal quotations omitted).

Fibromyalgia is "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissue that has persisted for at least 3 months. SSR 12-2p, 2012 WL 3104869, *2 (July 25, 2012). The Eleventh Circuit has recognized that fibromyalgia is a unique impairment because it "'often lacks medical or laboratory signs and is generally diagnosed mostly on a[n] individual's described symptoms.'" *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Because the 'hallmark' of fibromyalgia is a 'lack of objective evidence,' a claimant's subjective complaints may be the only means of determining the severity of the claimant's condition and the functional limitations she experiences." *Id.* (citing *Moore*, 405 F.3d at 1211). An ALJ's decision is subject to reversal when the ALJ relies on lack of objective findings as a basis for an adverse decision. *Id.*

The Social Security Administration promulgated SSR 12-2p to provide guidance on how to determine whether a person has a medically determinable impairment of fibromyalgia and how it will evaluate this impairment in a disability claim. SSR 12-2p, 2012 WL 3104869 (July 25, 2012); *Francis v. Saul*, No. 8:18-cv-2492-SPF, 2020 WL 1227589, *3 (M.D. Fla. Mar. 13, 2020). The ruling informs ALJs in how to consider fibromyalgia in the five-step process. SSR 12-2p, 2012 WL 3104869 (July 25, 2012).

The ruling requires an ALJ to consider all relevant evidence in the case and all of a claimant's medically determinable impairments, including those that are not severe when making an RFC determination. SSR 12-2p at *6. "For a person with fibromyalgia, an ALJ must consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* An ALJ must consider widespread pain and other symptoms associated with fibromyalgia such as fatigue that may result in exertional and non-exertional limitations, which prevent a person from doing a full range of unskilled work. *Id.* If the objective medical evidence does not support a claimant's statements about the intensity, persistence, and functionally limiting effects of symptoms, then an ALJ must consider a claimant's daily activities, medications, or other treatments the person uses or used to alleviate symptoms, the

nature and frequency of a claimant's attempt to obtain medical treatment for the symptoms, and statements by other people about the claimant's symptoms. *Id.* at *5.

At step two of the decision and after listing severe impairments, the ALJ determined, "[t]he record also documents fibromyalgia (Exhibits 12F, 14F, 19F, 24F, and 28F); however, the criteria required by SSR 12-2p to establish this as a medically determinable impairment are not met because no treating provider or rheumatologist has documented a specific number of tender points." (Tr. 18). As Plaintiff points out, SSR 12-2p contains two sets of criteria for an ALJ to evaluate whether fibromyalgia can be found to be a medically determinable impairment. (Doc. 18, p. 13). The first set of criteria requires that a plaintiff demonstrate: (1) "[a] history of widespread pain—that is, pain in all quadrants of the body;" . . . that has persisted (or that persisted) for at least 3 months. The pain may fluctuate in intensity and may not always be present;"(2) [a]t least 11 positive tender points on physical examination;" and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded." SSR 12-2p, 2012 WL 3104869, *2-3). The ALJ found that Plaintiff did not meet this criteria due to lack of a medical provider finding a sufficient number of tender points. (Tr. 18).

Social Security Ruling 12-2p also provides a second set of criteria to determine whether fibromyalgia is a medically determinable impairment. Under this second set of criteria, a plaintiff must show: (1) "A history of widespread pain;" (2)

"[r]epeated manifestations of six or more FM symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome;" and (3) "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." *Id.* at *3. At step two, the ALJ did not mention or analyze Plaintiff's fibromyalgia condition under this second set of criteria. Even assuming that the ALJ erred at step two in finding fibromyalgia was not a medically determinable impairment, this error may be harmless because he found other impairments – osteoarthritis of the lumbar spine; right shoulder rotator cuff tear status post repeat arthroscopy; degenerative joint disease/osteoarthritis of the left wrist; osteoarthritis of the right knee; chronic pain syndrome; Raynaud's syndrome; diabetes mellitus; and obesity – severe. (Tr. 18); *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018). As long as the ALJ considered the entirety of Plaintiff's limitations at step four, then any step two error may be harmless. *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-842 (11th Cir. 2014).

In determining Plaintiff's RFC at step four, the ALJ discussed some of Plaintiff's complaints relating to fibromyalgia and some medical providers' records. (Tr. 20-24). The ALJ noted that in January 2018, Plaintiff presented to a rheumatologist with complaints of fibromyalgia pain. (Tr. 20). The ALJ noted that

a consultative examiner, Neal Verma's impressions included fibromyalgia.[2] (Tr. 20-21). The ALJ also noted that Plaintiff went for a rheumatological follow-up for fibromyalgia in May and September 2020. (Tr. 21). At the May appointment, Plaintiff discussed her issues with medications, but there were no exam findings, (possibly due to the visit being by telemedicine). (Tr. 21, 726-727). At the September appointment, the ALJ noted Plaintiff's joints were normal in terms of range of motion, swelling, and tenderness, and she had normal strength and a normal gait and stance. (Tr. 21). In October 2020, x-rays of the hands were negative. (Tr. 20). The ALJ mentioned an April 2021 visit to rheumatology for complaints of all over joint pain and tiredness. (Tr. 22).

The ALJ briefly noted that in May 2021 and again in January 2022, Plaintiff saw William Choisser, M.D. whose impression was that Plaintiff suffered from fibromyalgia even though there were no tender points. (Tr. 22, 852-53). The ALJ also mentioned that at a rheumatological evaluation in January 2020, the medical provider found Plaintiff had multiple tender points and tender areas, but no synovitis. (Tr. 24).

---

[2] On examination, Dr. Verma found Plaintiff had pain in joints and muscles, but no joint stiffness or swelling. (Tr. 551). He also found multiple sites of joint pain – hips, knees, ankle, shoulder, and neck – as well as finding Plaintiff had fibromyalgia, "which exacerbates the pain in her joints and causes muscular pain as well." (Tr. 555).

The ALJ's did not properly consider Plaintiff's fibromyalgia condition under SSR 12-2p. The ALJ severely discounted Plaintiff's fibromyalgia condition at step two of the sequential evaluation by finding it was not a medically determinable impairment due to the lack of a medical provider finding a specific number of tender points. (Tr. 18). But that requirement is only for the first set of criteria under SSR 12-2p.

The problem here is that the ALJ never properly assessed Plaintiff's fibromyalgia under the second set of criteria of SSR 12-2p. Thus, any analysis of fibromyalgia in the later five-step sequential evaluation would be swayed by his understanding that based on the first set of criteria under SSR 12-2p, Plaintiff's fibromyalgia was not a medically determinable impairment. For example, the ALJ's subjective complaint analysis would be influenced by this decision. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 19). Thus, as the ALJ found Plaintiff's fibromyalgia not a medically determinable impairment, he may not have considered Plaintiff's fibromyalgia complaints when determining whether her symptoms were consistent with the medical evidence of record. The subjective complaint analysis could, and

most likely was, swayed by the ALJ's incomplete analysis of Plaintiff's fibromyalgia.

In the Commissioner's brief, she conducts an analysis under SSR 12-2p's second set of criteria. (Doc. 22, p. 714). But the ALJ never provided such an analysis. "If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010). Here, the Commissioner engaged in post hoc rationalization, which does not provide a basis for judicial review of the administrative decision. *Id.* And as explained above, based on the ALJ failing to consider Plaintiff's fibromyalgia condition properly, remand is warranted.

## B.  Remaining Issue

Plaintiff also contends that the ALJ erred in relying on the opinion of a state agency non-examining physician rather than the opinions of Dr. Verma and Dr. Choisser, and erred in finding Plaintiff not disabled because there existed a significant number of jobs in the national economy that Plaintiff could perform. Rather than deciding these issues, because this action is remanded on other grounds, on remand, the Commissioner is directed to reconsider these issues.

## III.  Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence

four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's fibromyalgia impairment, the medical opinions of record, and the step five findings concerning jobs in the national economy that Plaintiff could perform. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

      **DONE** and **ORDERED** in Fort Myers, Florida on December 13, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 16 -